THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES CARLSON, Defendant.

County Court, Kings County, April 21, 1941.

*William O'Dwyer, District Attorney [Henry J. Walsh and Frank DiLalla, Assistant District Attorneys], for the plaintiff.*

*Anthony J. Digiovanna, for the defendant.*

LEIBOWITZ, J.   The defendant, a superintendent of an apartment house, moves for the dismissal of the indictment herein, on the grand jury minutes.

The indictment charges manslaughter in the second degree and alleges that the defendant Carlson manipulated " certain switches and machinery " controlling the operation of the elevator in the apartment house of which he was superintendent " in a culpably negligent manner " and that " by reason of the acts, procurement, omissions and culpable negligence of the defendant, said elevator suddenly and without any warning thereof, ascended, the elevator door thereto and the gate thereon being open and without any one pushing any button therein, thereby causing said Renee Alprin to be thrown against the top of the elevator door, and sustaining divers wounds and injuries as a result of which she died on the aforesaid date, said acts of the defendant not being justifiable or excusable."

The pertinent testimony before the grand jury was that Mrs. Mollie D. Alprin, a tenant of the apartment house, was about to enter the elevator on the ground floor with her daughter Renee. The daughter, according to Mrs. Alprin's testimony, " was just entering it, when suddenly the elevator raised.   The door was open   *   *   *   and before I knew it we were dragged up and we were jammed," thereby causing her daughter's death.

The proof adduced before the grand jury showed that the elevator referred to was an automatic elevator; that complaints had been made from time to time by tenants of the building that the elevator was out of order.   In response to such a complaint made that morning by Nettie Goldman, a tenant of that building, the defendant Carlson, with intent to remedy the condition, had gone to a room on the roof, which contained the machinery operating the elevator.   He put his fingers on the two switches, " and his finger slipped off one, so it wouldn't work, so he touched it again and when he heard the screams, he stopped."   It was testified

that the elevator could not be operated with the doors of the elevator open, except from the " control room."

The People contend that the acts of the defendant in so doing, without causing a warning to be given to persons, if any, about to use the elevator, constitutes " culpable negligence." The defendant claims that the acts charged, even if true, do not establish culpable negligence.

In *People* v. *Angelo* (246 N. Y. 451) the court wrote: " ' Culpable ' negligence is therefore something more than the slight negligence necessary to support a civil action for damages. It means, disregard of the consequences which may ensue from the act, and indifference to the rights of others. No clearer definition, applicable to the hundreds of varying circumstances that may arise, can be given. Under a given state of facts, whether negligence is culpable is a question of judgment. Ordinarily for the judgment of the jury, as is the question whether negligence exists at all. But in the one case as in the other it may become a question of law. If the negligence is so slight as not to reach the required standard the court should advise an acquittal of the accused. Under such circumstances the jury may not be allowed to find a verdict of guilty." (In accord: *People* v. *Jackson*, 255 App. Div. 688; *People* v. *Hoh*, 254 id. 588; *People* v. *Gardner*, 255 id. 683; *People* v. *Pace*, 220 id. 495.)

It was established before the grand jury that no license was required to permit the defendant Carlson to operate the elevator from the control room and that there was no rule or law that called for the posting of signs on the doors to the elevator when it was operated manually.

Mere lack of foresight, stupidity, irresponsibility, thoughtlessness, ordinary carelessness, however serious the consequences may happen to be, do not constitute culpable negligence. There must exist in the mind of the accused at the time of the act or omission, a consciousness of the probable consequences of the act, and a wanton disregard of them.

The court is constrained to hold that as a matter of law, the evidence adduced before the grand jury does not establish beyond a reasonable doubt that the defendant was guilty of that degree of negligence which may be termed " culpable negligence " rendering the defendant criminally liable.

The indictment should be dismissed. Submit order.