# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00666-CR

**Priscilla Limon, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF LLANO COUNTY
### NO. 14279, HONORABLE WAYNE BRASCOM, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I would affirm Limon's conviction for the offense of cruelty to animals. Because the majority does not, I respectfully dissent.

Limon did not object to the erroneous inclusion of "recklessly" in the jury charge. Therefore, we are to reverse Limon's conviction only if the charge error was "so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (1985) (op. on reh'g)). "In determining whether [a]ppellant was deprived of a fair and impartial trial, we review 'the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.'" *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011) (quoting *Almanza*, 686 S.W.2d at 171). "We will examine 'any . . . part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused.'" *Id*. at 489-90. "Errors

which result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Id.* at 490. "Egregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

I agree with the majority that "no portion of the jury charge accurately informed the jury that the State had to prove intentional or knowing conduct by appellant." And I also agree that at various points during trial, the prosecutors and defense counsel erroneously referred to the culpable mental state as "intentionally, knowingly, or recklessly." Thus, those factors weigh in favor of a finding of some harm.[1] I disagree, however, with the majority's view of the state of the evidence. I would conclude that on the particular facts of this case, the state of the evidence, including the contested issues and weight of the probative evidence, precludes a finding of egregious harm.

Consistent with the definition provided in the penal code, the jury charge defined "recklessly" as follows:

> [A] person acts recklessly, or is reckless, with respect to the circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be such a nature and degree that its disregard

---

[1] *See Reed v. State*, 117 S.W.3d 260, 265 (Tex. Crim. App. 2003) (holding that it was error for trial court to include "recklessly" in jury charge when charged offense required "intentional or knowing" conduct and remanding to appeals court for harm analysis); *Reed v. State*, No. 05-00-00472-CR, 2004 Tex. App. LEXIS 1178, at *1-3 (Tex. App.—Dallas Feb. 6, 2004, pet. denied) (op. on remand) (concluding on record presented that appellant suffered "some harm" from erroneous inclusion of "recklessly" in jury charge).

> constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances, as viewed from the actor's standpoint.

*See* Tex. Penal Code Ann. § 6.03(c) (West 2011). Thus, in order for the jury to convict Limon of reckless conduct, the State needed to present evidence that she was aware of but consciously disregarded a substantial and unjustifiable risk created by her conduct. *See Williams v. State*, 235 S.W.3d 742, 751 (Tex. Crim. App. 2007).

Recklessness is distinct from negligence: "Criminal negligence depends upon a morally blameworthy failure to appreciate a substantial and unjustifiable risk while recklessness depends upon a more serious moral blameworthiness—the actual disregard of a known substantial and unjustifiable risk." *Id*. Therefore, evidence showing "'[m]ere lack of foresight, stupidity, irresponsibility, thoughtlessness, ordinary carelessness, however serious the consequences may happen to be,' [does] not suffice to constitute either culpable negligence or criminal recklessness." *Id*. (quoting *People v. Carlson*, 176 Misc. 230, 26 N.Y.S.2d 1003, 1005 (N.Y. County Ct. 1941)). "Recklessness requires the defendant to actually foresee the risk involved and to consciously decide to ignore it." *Id*. "This combination of an awareness of the magnitude of the risk and the conscious disregard for consequences is crucial." *Id*. at 252. "[D]etermining whether an act or omission involves a substantial and unjustifiable risk 'requires an examination of the events and circumstances from the viewpoint of the defendant at the time the events occurred, without viewing the matter in hindsight.'" *Id*. (quoting *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994)). Moreover, "[w]hether a defendant's conduct involves 'an extreme degree of risk' must be determined by the conduct itself and not by the resultant harm." *Id*. at 753. To summarize, in order to prove recklessness, the State must present evidence showing that:

(1)  the alleged act or omission, viewed objectively at the time of its commission, created a 'substantial and unjustifiable' risk of the type of harm that occurred;

(2)  that risk was of such a magnitude that disregard of it constituted a gross deviation from the standard of care that a reasonable person would have exercised in the same situation (i.e., it involved an 'extreme degree of risk, considering the probability and magnitude of the potential harm to others');

(3)  the defendant was consciously aware of that 'substantial and unjustifiable' risk at the time of the conduct; and

(4)  the defendant consciously disregarded that risk.

*Id*. at 755-56.

The State's theory at trial was that Limon had intentionally or knowingly abandoned her dogs on her property, and all of the evidence that the State presented was in support of that theory. The State did not attempt to prove in the alternative that Limon's conduct, if not intentional or knowing, was reckless. Similarly, Limon, in her defense, did not present any evidence that her conduct was reckless instead of intentional or knowing. Rather, Limon denied committing the offense altogether, and her defensive theory was that she did not actually own the dogs and was not the person who had abandoned them.[2] Thus, Limon's state of mind was not a contested issue during trial. The evidence tended to show that if Limon was the person who had abandoned the dogs, she did so intentionally or knowingly. Consequently, even though the jury charge referred to

_____

[2] The majority believes that evidence tending to show that Limon abandoned her dogs only after first attempting to get a neighbor to take the dogs from her "could constitute conduct that was reckless as opposed to intentional or knowing." I disagree that this fact, in itself, would constitute evidence of recklessness. At most, such evidence tends to show that prior to abandoning her dogs, Limon, for whatever reason, tried to give them away. But such evidence says nothing about the degree of risk associated with abandoning the dogs or whether Limon was aware of but "consciously disregarded" that risk.

4

conduct that was committed "intentionally, knowingly, or recklessly," the state of the evidence was such that a jury could not have rationally convicted Limon of reckless conduct, and there is nothing in the record to indicate that it did. However, neither did the jury acquit Limon. Therefore, I am compelled to conclude that the jury convicted her of intentional or knowing conduct as the statute required.

On the record before us, I cannot conclude that the erroneous inclusion of "recklessly" in the jury charge affected the very basis of the case, deprived the defendant of a valuable right, vitally affected the defensive theory, or made a case for conviction clearly and significantly more persuasive. *See Taylor*, 332 S.W.3d at 490. Therefore, I would hold that the charge error did not cause Limon egregious harm. *See id*. at 493; *see also Williams v. State*, 851 S.W.2d 282, 289 (Tex. Crim. App. 1993) (no egregious harm where charge error affected issue that "was not a hotly-contested issue at trial" and thus "had minimal impact on appellant's trial"); *Kucha v. State*, 686 S.W.2d 154, 156 (Tex. Crim. App. 1985) (because charge error implicated issue that "was not a contested issue at all," error "was not so harmful that it deprived appellant of a fair and impartial trial"). Because the majority holds otherwise, I respectfully dissent.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Filed: November 2, 2012

Do Not Publish