

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-11-00561-CR

Samantha Amity **BRITAIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 09-0751-CR
Honorable Gary L. Steel, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 5, 2012

REVERSED AND RENDERED

Samantha Amity Britain was convicted by a jury of manslaughter for recklessly causing the death of Sarah Brasse, an eight-year-old child, by failing to seek medical treatment.  Britain was also convicted of recklessly causing serious bodily injury to Sarah by failing to seek medical treatment, resulting in Sarah's death.  She raises five points of error on appeal: (1) and (2) the evidence was legally insufficient to support convictions for injury to a child by omission committed recklessly and manslaughter, (3) the trial court erroneously refused to include a question on mistake of fact in the jury charge, (4) the trial court erroneously refused to grant her

motion for mistrial after the State's witness testified in violation of the trial court's order, and (5) the trial court erroneously overruled her objection to a PowerPoint slide used during voir dire that tainted her right to the presumption of innocence. We reverse the trial court's judgment of conviction for injury to a child and manslaughter and render a judgment of acquittal on both counts.

## BACKGROUND

Eight-year-old Sarah Brasse reported to the school nurse complaining of a stomach ache. After sending Sarah back to class twice, the school nurse called Sarah's father, David Brasse, and Sarah's stepmother, Samantha Britain. Britain picked Sarah up from school and took her home. Sarah began vomiting that evening and her brother testified he heard her vomit three times.[1] The following day, Sarah stayed home from school with Britain. Sarah continued to vomit during the day, and though she drank fluids, she did not eat. Sarah's brother checked on her when he arrived home from school and covered her with a blanket. She died shortly thereafter from complications arising from appendicitis. Because the chronology of events is important in determining the sufficiency of the evidence, a table referencing the evidence is provided below.

| Date | Time | Event |
|------|------|-------|
| 2/4/2008 | Approximately 8:15 a.m. | Sarah goes to her school nurse with a "tummy ache." Nurse sends Sarah back to class. |
| 2/4/2008 | Approximately 9:15 a.m. | Sarah, still not feeling well, returns to nurse's office. Nurse sends Sarah back to class. |
| 2/4/2008 | Approximately 10:50 a.m. | Sarah, tearful, returns to the nurse's office saying that her tummy hurts and she is not feeling well. The nurse checks her temperature, listens to her bowel sounds, palpates her abdomen, and checks her vital signs. The examination is normal. Because it is Sarah's third visit and she is crying, the nurse calls Britain and Brasse to pick Sarah up from school. |

---

[1] The parties agree that the time between when the vomiting began and when Sarah died was no greater than twenty-four hours.

| 2/4/2008 | Approximately 12:00 p.m. | Britain picks Sarah up from school. Sarah is feeling better and runs to hug Britain. |
|---|---|---|
| 2/4/2008 | Evening hours | Sarah vomits for the first time. Brasse is unsure whether Sarah ate her dinner. |
| 2/4/2008 | Throughout the night | Sarah's brother hears her vomit three times during the night. |
| 2/5/2008 | 4:30 a.m. | Brasse departs for work, leaving Sarah in Britain's care. |
| 2/5/2008 | 7:05 a.m. | Sarah is still not feeling well so Britain keeps her home from school. |
| 2/5/2008 | Throughout the day | Sarah vomits four to five times, develops diarrhea, and is unable to eat. |
| 2/5/2008 | Approximately 4:00 p.m. | Sarah's brother checks on her when he returns home from school. |
| 2/5/2008 | Approximately 5:00 p.m. | Sarah's brother takes her water. Sarah says she is cold so he covers her with a blanket. |
| 2/5/2008 | Approximately 6:00 p.m. | Britain checks on Sarah; Sarah is dead. |

## LEGAL SUFFICIENCY

In her first and second points of error, Britain challenges the legal sufficiency of the evidence supporting her convictions for reckless injury to a child and manslaughter because (1) she was not aware of a substantial and unjustifiable risk that Sarah would be seriously injured or would die, and (2) her failure to seek medical treatment was not a gross deviation from the standard of care that an ordinary person would exercise under all of the circumstances as viewed from her standpoint.

### A. Standard of Review

In reviewing the legal sufficiency of the evidence, we must view "the evidence in the light most favorable to the prosecution" and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *accord Prible v. State*, 175 S.W.3d 724, 729–30 (Tex. Crim. App. 2005). Evidence may be insufficient under the *Jackson* standard when "(1) the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt." *Bearnth v. State*, 361 S.W.3d 135, 138 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson*, 433 U.S. at

314, 320). This standard requires that we defer to the fact-finder's credibility and weight determinations and consider only whether the jury reached a rational decision. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979).

**B.  Elements of Injury to a Child and Manslaughter**

We review the elements of injury to a child and manslaughter together because they both require a mental state of recklessness. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (injury to a child); *Schroeder v. State*, 123 S.W.3d 398, 399–401 (Tex. Crim. App. 2003) (manslaughter).

*1.  Injury to a Child*

A person commits the offense of injury to a child if the person "intentionally, knowingly, or recklessly by omission," causes serious bodily injury or death to a child fourteen years of age or younger. TEX. PENAL CODE ANN. § 22.04 (West 2011). "Injury to a child is a result-oriented offense requiring a mental state that relates not to the specific conduct but to the result of that conduct." *Williams*, 235 S.W.3d at 750.

*2.  Manslaughter*

A person commits the offense of manslaughter "if he recklessly causes the death of an individual." TEX. PENAL CODE ANN. § 19.04. Manslaughter, like injury to a child, is a result-oriented offense. *See Schroeder*, 123 S.W.3d at 400–01; *Williams*, 235 S.W.3d at 750. The defendant's culpable mental state must relate to the result of his or her conduct. *Schroeder*, 123 S.W.3d at 400.

## C. Recklessness

"A person acts recklessly . . . when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX. PENAL CODE ANN. § 6.03(c). The risk created "must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.* "The State cannot be permitted to submit its case to the jury unless it has offered a *prima facie* case of a defendant's actual, subjective 'disregard of the risk of a resulting [injury] which . . . rise[s] to the level of a "gross deviation" from an ordinary standard of conduct.'" *Williams*, 235 S.W.3d at 753 (alterations in original) (quoting *Crume v. State*, 658 S.W.2d 607, 609 (Tex. Crim. App. 1983)). "[D]etermining whether an act or omission involves a substantial and unjustifiable risk 'requires an examination of the events and circumstances from the viewpoint of the defendant at the time the events occurred, without viewing the matter in hindsight.'" *Id.* (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994), *superseded by statute on other grounds*, Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 13.02, 2003 Tex. Gen. Laws 847, 887). "'[M]ere lack of foresight, stupidity, irresponsibility, thoughtlessness, ordinary carelessness, however serious the consequences may happen to be,'" does not rise to the level of criminal recklessness. *Id.* at 751 (quoting *People v. Carlson*, 26 N.Y.S.2d 1003, 1005 (N.Y. Cnty. Ct. 1941)).

## D. Analysis

### 1. Culpable Mental State

Criminal recklessness, the mens rea for the offenses of manslaughter and reckless injury to a child, requires that the defendant possess a subjective and actual awareness of a substantial and unjustifiable risk. *See* TEX. PENAL CODE ANN. §§ 6.03(c), 19.04, 22.04; *Williams*, 235

S.W.3d at 752–53. The State argues Britain should have known her failure to seek medical treatment for Sarah would create a substantial and unjustifiable risk of her death. This confuses the requisite mental states of criminal recklessness and criminal negligence. *Compare* TEX. PENAL CODE ANN. § 6.03(c) (criminal recklessness), *with id.* § 6.03(d) (criminal negligence). Compared to criminal recklessness, criminal negligence requires a less culpable mental state— the defendant should have known or "ought to be aware" of such risk. *See id.* § 6.03(d); *accord Williams*, 235 S.W.3d at 750–51. Because the requisite mental state for manslaughter and injury to a child is criminal recklessness, we review the record for evidence that Britain was actually and subjectively aware of a substantial and unjustifiable risk that Sarah would die without medical treatment. *See* TEX. PENAL CODE ANN. §§ 6.03(c), 19.04, 22.04; *Williams*, 235 S.W.3d at 752–53. We must determine whether, based on the record, any rational jury could have come to such a conclusion. *See Jackson*, 443 U.S. at 319.

2. *No Evidence Britain Was Subjectively Aware of a Substantial and Unjustifiable Risk*

The record indicates Britain was aware of the following on February 5th: Sarah visited the school nurse three times the previous day complaining of a stomach ache and was sent home from school; Sarah vomited before she went to bed; Sarah was still not feeling well in the morning and stayed home from school; Sarah vomited several times throughout the day, had diarrhea, did not want to eat, and felt weak. At the time of her death, Sarah had been vomiting for nearly twenty-four hours. The school nurse testified she would absolutely seek medical treatment for her child if he or she was in the same situation. However, she made no such recommendation to Britain or Brasse. In addition, Dr. Gale Gregory-Laine, the State's expert and treating emergency room physician on the night of Sarah's death, testified that a reasonable parent would have taken their child to the emergency room if the child had been vomiting for

more than twenty-four hours. However, there is no evidence Sarah was vomiting for more than twenty-four hours or that Britain knew of such a standard.[2]

This is a tragic incident, but the record is devoid of evidence that Britain knew there was a substantial risk Sarah would die from symptoms that are common to many childhood ailments and that persisted for less than twenty-four hours. The State fails to offer any argument as to how a rational jury could have appropriately concluded that Britain was aware of the substantial risk of death based on the evidence presented. Although the jury is permitted to draw appropriate conclusions and inferences from the evidence, it was not rational for the jury to conclude the requisite knowledge based on the record before us.

Reviewing the evidence in the light most favorable to the jury's verdict, we conclude that the evidence is legally insufficient for any rational jury to find beyond a reasonable doubt that Britain was subjectively aware of and consciously disregarded a substantial and unjustifiable risk that Sarah would suffer serious bodily injury or die if she did not receive medical treatment. *See* TEX. PENAL CODE ANN. § 6.03(c); *Jackson*, 443 U.S. at 319; *Williams*, 235 S.W.3d at 753. Accordingly, we sustain Britain's first two points of error and do not address her additional points. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Because there is legally insufficient evidence of criminal recklessness, a rational trier of fact could not have found beyond a reasonable doubt the essential elements of the offenses of injury to a child and manslaughter. Therefore, the evidence was legally insufficient to support

---

[2] Other evidence in the record described the lack of cleanliness in the home, Sarah's poor dental hygiene, and Britain's comment to the school nurse that Sarah was a drama queen, but this is no evidence of criminal recklessness.

Britain's convictions.  We reverse the trial court's judgment of conviction for injury to a child and manslaughter and render a judgment of acquittal on both counts.

Rebecca Simmons, Justice

PUBLISH