

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-11-00559-CR

David **BRASSE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 09-0590-CR
Honorable Gary L. Steel, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 5, 2012

REVERSED AND RENDERED

David Neil Brasse was convicted by a jury of manslaughter for recklessly causing the death of his eight-year-old daughter, Sarah Brasse, by failing to seek medical treatment.[1]  He raises three points of error on appeal: (1) the evidence was legally insufficient to support his conviction for manslaughter, (2) the trial court erroneously refused to include a question on

---

[1] Brasse was charged by indictment with one count of manslaughter and one count, four paragraphs, of injury to a child.  The trial court granted an instructed verdict of not guilty on paragraphs III and IV of injury to a child.  The jury returned a guilty verdict on paragraph II of injury to a child and on manslaughter.  The jury returned a verdict of not guilty on paragraph I of injury to a child.  The trial court granted Brasse's motion for judgment non obstante veredicto on paragraph II of injury to a child (reckless injury to a child), but denied his motion as to manslaughter.

mistake of fact in the jury charge, and (3) the trial court erroneously refused to grant his motion for mistrial after the State's witness testified in violation of the trial court's order. We reverse the trial court's judgment of conviction for manslaughter and render a judgment of acquittal.

BACKGROUND

Eight-year-old Sarah Brasse reported to the school nurse complaining of a stomach ache. After sending Sarah back to class twice, the school nurse called Sarah's father, David Brasse, and Sarah's stepmother, Samantha Amity Britain. Britain picked Sarah up from school and took her home. Sarah began vomiting that evening and her brother testified he heard her vomit three times. Brasse left for work very early the next morning. Sarah stayed home from school with Britain. Sarah continued to vomit during the day and although she drank fluids she did not eat. Sarah's brother checked on her when he arrived home from school and covered her with a blanket. She died shortly thereafter from complications arising from appendicitis. Because the chronology of events is important in determining the sufficiency of the evidence, a table referencing the evidence is provided below.

| Date | Time | Event |
|---|---|---|
| 2/4/2008 | Approximately 8:15 a.m. | Sarah goes to her school nurse with a "tummy ache." Nurse sends Sarah back to class. |
| 2/4/2008 | Approximately 9:15 a.m. | Sarah, still not feeling well, returns to nurse's office. Nurse sends Sarah back to class. |
| 2/4/2008 | Approximately 10:50 a.m. | Sarah, tearful, returns to the nurse's office saying that her tummy hurts and she is not feeling well. The nurse checks her temperature, listens to her bowel sounds, palpates her abdomen, and checks her vital signs. The examination is normal. Because it is Sarah's third visit and she is crying, the nurse calls Britain and Brasse to pick Sarah up from school. |
| 2/4/2008 | Approximately 12:00 p.m. | Britain picks Sarah up from school. Sarah is feeling better and runs to hug Britain. |
| 2/4/2008 | Evening hours | Sarah vomits for the first time. Brasse is unsure whether Sarah ate her dinner. |
| 2/4/2008 | Throughout the night | Sarah's brother hears her vomit three times during the night. |
| 2/5/2008 | 4:30 a.m. | Brasse departs for work, leaving Sarah in Britain's care. |

| 2/5/2008 | 7:05 a.m. | Sarah is still not feeling well so Britain keeps her home from school. |
|---|---|---|
| 2/5/2008 | Throughout the day | Sarah vomits four to five times, develops diarrhea, and is unable to eat. |
| 2/5/2008 | Approximately 4:00 p.m. | Sarah's brother checks on her when he returns home from school. |
| 2/5/2008 | Approximately 5:00 p.m. | Sarah's brother takes her water. Sarah says she is cold so he covers her with a blanket. |
| 2/5/2008 | Approximately 6:00 p.m. | Britain checks on Sarah; Sarah is dead. |
| 2/5/2008 | Between 7:00 p.m. and 8:00 p.m. | Brasse tells Michelle Garcia, his co-worker, that he believed Sarah was sick with a stomach virus that he and Britain had the week before and he could not understand how she died. |

**LEGAL SUFFICIENCY**

In his first point of error, Brasse challenges the legal sufficiency of the evidence supporting his conviction for manslaughter because (1) he was not aware of a substantial and unjustifiable risk that Sarah would be seriously injured or would die, and (2) his failure to seek medical treatment was not a gross deviation from the standard of care that an ordinary person would exercise under all of the circumstances as viewed from his standpoint.

**A. Standard of Review**

In reviewing the legal sufficiency of the evidence, we must view "the evidence in the light most favorable to the prosecution" and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *accord Prible v. State*, 175 S.W.3d 724, 729–30 (Tex. Crim. App. 2005). Evidence may be insufficient under the *Jackson* standard when "(1) the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt." *Bearnth v. State*, 361 S.W.3d 135, 138 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson*, 433 U.S. at 314, 320). This standard requires that we defer to the fact-finder's credibility and weight determinations and consider only whether the jury reached a rational decision. *Brooks v. State*,

323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979).

## B. Elements of Manslaughter

A person commits the offense of manslaughter "if he recklessly causes the death of an individual." TEX. PENAL CODE ANN. § 19.04 (West 2011). Manslaughter is a result-oriented offense—the defendant's culpable mental state must relate to the result of his or her conduct. *Schroeder v. State*, 123 S.W.3d 398, 399–401 (Tex. Crim. App. 2003).

## C. Recklessness

"A person acts recklessly . . . when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX. PENAL CODE ANN. § 6.03(c). The risk created "must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.* "The State cannot be permitted to submit its case to the jury unless it has offered a *prima facie* case of a defendant's actual, subjective 'disregard of the risk of a resulting [injury] which . . . rise[s] to the level of a "gross deviation" from an ordinary standard of conduct.'" *Williams v. State*, 235 S.W.3d 742, 753 (Tex. Crim. App. 2007) (alterations in original) (quoting *Crume v. State*, 658 S.W.2d 607, 609 (Tex. Crim. App. 1983)). "[D]etermining whether an act or omission involves a substantial and unjustifiable risk 'requires an examination of the events and circumstances from the viewpoint of the defendant at the time the events occurred, without viewing the matter in hindsight.'" *Id.* (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994)), *superseded by statute on other grounds*, Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 13.02, 2003 Tex. Gen. Laws 847, 887). "'[M]ere lack of foresight, stupidity, irresponsibility, thoughtlessness,

ordinary carelessness, however serious the consequences may happen to be,'" does not rise to the level of criminal recklessness. *Id.* at 751 (quoting *People v. Carlson*, 26 N.Y.S.2d 1003, 1005 (N.Y. Cnty. Ct. 1941)).

## D. Analysis

### 1. Culpable Mental State

Because the requisite mental state for manslaughter is criminal recklessness, we review the record for evidence that Brasse was subjectively aware of a substantial and unjustifiable risk that Sarah would die without medical treatment. *See* TEX. PENAL CODE ANN. § 6.03(c); *Williams*, 235 S.W.3d at 752–53. The State argues Brasse should have known his failure to seek medical treatment for Sarah would create a substantial and unjustifiable risk of her death. This confuses the requisite mental states of criminal recklessness and criminal negligence. *Compare* TEX. PENAL CODE ANN. § 6.03(c) (criminal recklessness), *with id.* § 6.03(d) (criminal negligence). Criminal recklessness, the mens rea for the offense of manslaughter requires that the defendant possess a subjective and actual awareness of a substantial and unjustifiable risk. *See id.* §§ 6.03(c), 19.04, 22.04; *Williams*, 235 S.W.3d at 752–53. Compared to criminal recklessness, criminal negligence requires a less culpable mental state—the defendant should have known or "ought to be aware" of such risk. TEX. PENAL CODE ANN. § 6.03(d); *accord Williams*, 235 S.W.3d at 750–51. In our review, we consider the evidence "in the light most favorable to the prosecution" and determine whether any rational trier of fact could have found that Brasse was actually and subjectively aware that his failure to seek medical attention for Sarah created a substantial risk that she would die. *See Jackson*, 443 U.S. at 319; *Williams*, 235 S.W.3d at 752–53; *see also* TEX. PENAL CODE ANN. §§ 6.03(c), 19.04.

*2. No Evidence Brasse Was Subjectively Aware of a Substantial and Unjustifiable Risk*

The record indicates that when Brasse left for work at 4:30 a.m. on February 5th, he was aware that Sarah visited the school nurse three times the previous day complaining of a stomach ache and was sent home from school, and that she vomited before she went to bed. Brasse was unsure whether Sarah ate dinner that evening. No evidence indicates he knew Sarah vomited several times during the night of February 4th or that he was apprised of any additional information about her condition at any point after he left for work at 4:30 a.m. but before her death on February 5th. The State asks us to infer that Brasse knew Sarah vomited several times throughout the night because her brother heard her. However, there is nothing in the record that permits the jury to draw this inference. The State fails to offer any argument as to how a rational jury could have appropriately concluded that Brasse was aware of the substantial risk of death based on the evidence presented. Although the jury is permitted to draw appropriate conclusions and inferences from the evidence, it was not rational for the jury to conclude the requisite knowledge based on the record before us.

Reviewing the evidence in the light most favorable to the jury's verdict, we nevertheless conclude that the evidence is legally insufficient for the jury to have found that Brasse was subjectively aware of and consciously disregarded a substantial and unjustifiable risk that Sarah would die if she did not receive medical treatment. *See* TEX. PENAL CODE ANN. § 6.03(c); *Williams*, 235 S.W.3d at 750, 752–53.

Because we conclude the evidence is legally insufficient on an essential element of manslaughter, Brasse's additional points of error are rendered moot and we need not address them. *See* TEX. R. APP. P. 47.1.

**CONCLUSION**

Because there is legally insufficient evidence of criminal recklessness, a rational trier of fact could not have found beyond a reasonable doubt the essential elements of the offense of manslaughter.  Therefore, the evidence was legally insufficient to support Brasse's conviction for manslaughter.  We reverse the trial court's judgment of conviction for manslaughter and render a judgment of acquittal.

Rebecca Simmons, Justice

PUBLISH