

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00379-CR

Stephen **RICHARDSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR10629
Honorable Ray Olivarri, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  October 16, 2013

AFFIRMED

Appellant, Stephen Richardson, appeals his conviction of manslaughter. A jury found appellant guilty of recklessly causing the death of Juan Duron. In his sole issue on appeal, appellant contends the evidence was legally insufficient to support his conviction for manslaughter.

### BACKGROUND

On August 2, 2010, Juan Duron, his wife, and two children were traveling in their Jeep Cherokee on their way to a grocery store to purchase items for their infant son. Duron's wife was

driving their vehicle through the grocery store parking lot when appellant, driving through the parking lot at a high rate of speed, cut-off Duron's vehicle forcing the Cherokee to an abrupt stop. Appellant exited his vehicle, walked over to the Cherokee's front passenger seat where Duron was seated, and struck Duron in the face twice with his fist as Duron was attempting to exit the vehicle. Duron was knocked unconscious and was either thrown or fell to the surface of the parking lot. He died shortly thereafter as a result of blunt force injuries to the head.

## LEGAL SUFFICIENCY

Appellant challenges the legal sufficiency of the evidence supporting his conviction for manslaughter arguing he was not aware of a substantial and unjustifiable risk Duron would die as a result of his actions. Appellant argues that, at most, he was guilty of criminally negligent homicide, which requires a less culpable mental state—that appellant should have known or ought to be aware of such risk. The State argues appellant's actions alone, taken in the light most favorable to the verdict, support the jury's finding appellant recklessly caused Duron's death because the jury was able to infer from the evidence that appellant was aware of, but consciously disregarded, a substantial and unjustifiable risk his actions could result in death.

### A. Standard of Review

In reviewing the legal sufficiency of the evidence, we must view "the evidence in the light most favorable to the prosecution" and determine whether "any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Under this standard, evidence may be insufficient to support a conviction in two circumstances: "(1) the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt." *Bearth v. State*, 361 S.W.3d 135, 138 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson*, 443 U.S. at

320). We do not ask whether we believe the evidence at trial established guilt beyond a reasonable doubt, instead, this standard requires we defer to the fact-finder's credibility and weight determination and consider only whether the jury reached a rational decision. *Brooks*, 323 S.W.3d at 899.

## B. Analysis

A person commits manslaughter if he recklessly causes the death of an individual. TEX. PENAL CODE ANN. § 19.04 (West 2011). Manslaughter is a result-oriented offense, which means the defendant's culpable mental state must relate to the result of his or her conduct. *Britain v. State*, 392 S.W.3d 244, 247 (Tex. App.—San Antonio 2012, pet. granted).

A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. TEX. PENAL CODE. § 6.03(c). The risk created must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id.* "At the heart of reckless conduct is conscious disregard of the risk created by the actor's conduct." *Lewis v. State*, 529 S.W.2d 550, 553 (Tex. Crim. App. 1975).

A person commits criminally negligent homicide if he causes the death of another by criminal negligence. TEX. PENAL CODE § 19.05(a). Criminal negligence occurs when the person ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. *Id.* § 6.03(d). "The offense of criminally negligent homicide involves inattentive risk creation, that is, the actor ought to be aware of the risk surrounding his conduct or the results thereof [but fails] to perceive the risk." *Mitchell v. State*, 321 S.W.3d 30, 36 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Determining whether an act or omission involves a substantial and unjustifiable risk requires an examination of the events and circumstances from the viewpoint of the defendant at the time the events occurred, without viewing the matter in hindsight. *See Lewis*, 529 S.W.2d at 553 (stating carelessness, stupidity, irresponsibility, and mere lack of foresight do not rise to the level of criminal recklessness). Ordinarily, the culpable mental state must be inferred from the acts of the accused or through the surrounding circumstances. *See Moore v. State*, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998); *see also Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984) ("[T]he requisite culpable mental state must ordinarily be inferred from the acts of the accused or the surrounding circumstances.").

Here, the evidence showed appellant approached Duron's vehicle, struck Duron in the face twice with a closed fist knocking him unconscious, and then fled the scene. Although disputed, the State presented an eyewitness who testified appellant slammed Duron onto the surface of the parking lot after knocking him unconscious. The Bexar County Medical Examiner, Jennifer Rulon, testified Duron suffered a tear in the ligament that joins the skull to the cervical bones. Rulon testified this tear was caused by the application of a "tremendous amount of force" to Duron's head which could have been caused by either the head being driven into cement or by a blow to the front of the face. Finally, Rulon testified Duron suffered bleeding on the brain, also caused by the application of a tremendous amount of force to Duron's head.

We conclude this evidence supports the jury's implied finding that appellant was aware of, but consciously disregarded, a substantial and unjustifiable risk that striking, grabbing, or throwing Duron could result in an injury that would cause death. Accordingly, the evidence was legally sufficient to support the manslaughter conviction. *See Milam v. State*, No. 08-04-00354-CR, 2006 WL 304528, at *5 (Tex. App.—El Paso 2006, pet. ref'd) (affirming appellant's manslaughter conviction where appellant struck victim on side of head with closed fist causing death); *see also*

*Willis v. State*, 761 S.W.2d 434, 437 (Tex. App.—Houston [14th Dist.] 1988, pet ref'd) (concluding evidence sufficient to support manslaughter verdict where defendant struck victim on head with butt of gun causing fatal injury).

## CONCLUSION

After considering the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found the essential elements of the offense of manslaughter beyond a reasonable doubt. We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish