

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00513-CR

Anna Linda **GARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR10615
Honorable Ron Rangel, Judge Presiding

Opinion by: Beth Watkins, Justice

Sitting: Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 14, 2019

REVERSED AND RENDERED

Appellant Anna Linda Garza was convicted by a jury of recklessly causing bodily injury

to a child. The jury assessed punishment at one year confinement and a fine of $5,000. On appeal,

Garza claims the evidence is legally insufficient to support her conviction. We agree, so we reverse

her conviction and render a judgment of acquittal.

## BACKGROUND

Garza is Z.G.'s[1] adoptive mother. When Z.G. was nine, he repeatedly experimented with fire and lighters despite Garza's efforts to curb that behavior. On January 31, 2017, Z.G. set two Kleenex boxes on fire and threw them in a neighbor's backyard. The smoke was so bad that they called the fire department. Afterwards, Garza stressed to Z.G. that he should not play with fire and arranged for him to receive professional counseling. A few days later, Z.G. repeated the behavior while Garza was away from the home. When she returned, she warned Z.G. again about the consequences of playing with fire, this time by turning on and off a lighter. When Z.G. got up to leave the room, the top of the unlit lighter touched the bottom of his chin, leaving a burn the size of a pencil eraser. Z.G.'s teacher noticed the burn and sent Z.G. to the nurse, who reported the injury to the authorities.

The State charged Garza with two counts of causing injury to a child. Under the first count, the State alleged that Garza intentionally or knowingly caused bodily injury to Z.G., and under the second count, the State alleged that Garza caused the injury recklessly. The jury found Garza guilty of recklessly causing injury to Z.G. Garza then appealed, arguing the evidence is insufficient to support her conviction because she was not aware of a substantial and unjustifiable risk that Z.G. would be injured.

### *Sufficiency of the Evidence*

"In reviewing the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brasse v. State*, 392. S.W.3d 239, 242 (Tex. App.—San Antonio 2012, no pet.). Evidence may be insufficient under this standard

---

[1] To protect the identity of the minor child, we refer to the child by his initials. TEX. R. APP. P. 9.10.

when "(1) the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt." *Id.* (quoting *Bearnth v. State*, 361 S.W.3d 135, 138 (Tex. App.—Houston [1st Dist.] 2011, pet ref'd)). This standard requires us to defer to the fact-finder's credibility and weight determinations and consider only whether the jury reached a rational decision. *Id.*

### *Injury to a Child and Recklessness*

A person commits the offense of injury to a child if she intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, causes a child bodily injury. TEX. PENAL CODE ANN. § 22.04. A person acts recklessly when she is "aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 6.03(c). The risk must be such that "its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.* The State must offer a *prima facie* case of a defendant's actual, subjective disregard of the risk of a resulting injury which rises to the level of a "gross deviation." *Williams v. State*, 235 S.W.3d 742, 753 (Tex. Crim. App. 2007). Whether an act involves a substantial and unjustifiable risk requires us to examine the situation from the defendant's viewpoint at the time it occurred without viewing the matter in hindsight. *Id.* "[M]ere lack of foresight, stupidity, irresponsibility, thoughtlessness, ordinary carelessness, however serious the consequences may happen to be," do not rise to the level of criminal recklessness. *Id.* at 751.

### *Application*

Here, we review the record for evidence that Garza was subjectively aware of a substantial and unjustifiable risk that Z.G. would be injured if she demonstrated the dangers of fire by holding the recently lit lighter so close to his face. *See id.* at 753. The State admits that the lighter was

unlit when it touched Z.G.'s chin. It argues, however, that Garza should have foreseen that holding the unlit lighter so close to Z.G.'s face would have resulted in injury.

We disagree because this confuses the requisite mental state of criminal recklessness with criminal negligence. *Compare* TEX. PENAL CODE § 6.03(c) (providing the mental state for criminal recklessness), *with id.* § 6.03(d) (providing the mental state for criminal negligence). Unlike criminal recklessness, criminal negligence requires a less culpable mental state—the defendant should have known or "ought to be aware" of such risk. *See id.* § 6.03(d); *Williams*, 235 S.W.3d at 750–51. Because the requisite mental state for injury to a child is criminal recklessness, we review the record for evidence that Garza was actually and subjectively aware of a substantial and unjustifiable risk that holding the unlit lighter in front of Z.G.'s face would cause him injury. *See* TEX. PENAL CODE §§ 6.03(c); 22.04; *Williams*, 235 S.W.3d at 752–53.

Here, the record indicates Garza was aware of the following on the date in question: (1) Z.G. had burned two Kleenex boxes several days prior; (2) her previous attempts to educate Z.G. about the risks of playing with fire had not deterred him from repeating the behavior; (3) Z.G. was playing with a lighter while in a room with his siblings on that day; and (4) she had turned the lighter on and then off at some point during a discussion with Z.G. about the dangers of playing with fire.

There is no evidence that Garza subjectively knew there was a substantial risk that holding an unlit lighter would cause injury to Z.G. *See Britain v. State*, 392 S.W.3d 244, 247–48 (Tex. App.—San Antonio 2012, pet. granted) (holding evidence insufficient to support conviction for reckless injury to child because evidence failed to show that defendant was subjectively aware of risk), *aff'd,* 412 S.W.3d 518 (Tex. Crim. App. 2013); *see also Brasse*, 392 S.W.3d at 243 (same). Garza denied holding the lighter, when lit, closer than two feet from Z.G.'s face. It is undisputed the lighter was unlit when it touched Z.G.'s face. The State fails to offer any argument as to how

a rational jury could have appropriately concluded that Garza was subjectively aware of the substantial risk of injury to Z.G. based on this evidence. Even when reviewing evidence in the light most favorable to the jury's verdict, the record contains no evidence that would allow a rational jury to find beyond a reasonable doubt that Garza was subjectively aware of and consciously disregarded a substantial and unjustifiable risk that Z.G. would suffer bodily injury by her actions. *See, e.g., Jackson*, 443 U.S. at 319.

## CONCLUSION

Because there is legally insufficient evidence of criminal recklessness, we hold the evidence is legally insufficient to support Garza's conviction. We reverse the trial court's judgment of conviction for injury to a child and render a judgment of acquittal.

Beth Watkins, Justice

DO NOT PUBLISH