Melvin James SCHROEDER,
Appellant,

v.

The STATE of Texas.

No. 561–03.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 3, 2003.

Stanley G. Schneider, Houston, for Appellant.

Jeffrey L. Van Horn, First Asst. State Atty., Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion for a unanimous Court.

This case presents two issues. First, in a prosecution for murder, is a defendant's inability to remember engaging in the charged conduct alone sufficient evidence of recklessness to raise the lesser-included

offense of manslaughter? Second, did the trial court in this case err in failing to charge the jury on the lesser-included offense of manslaughter? We hold that because the culpable mental states for both murder (intent) and manslaughter (recklessness) relate to the result of the conduct—the causing of the death—evidence that a defendant does not remember engaging in that conduct does not raise the lesser-included offense. Furthermore, based on the evidence presented at trial, we hold that the trial court did not err in failing to instruct the jury on a manslaughter charge.

The appellant was charged with the murder of his wife by shooting her with a firearm. The evidence presented at trial showed the following. On the night of the shooting, the appellant called 911 and told the operator that he and his wife had struggled over a gun and that it "went off a couple of times," shooting his wife. He said, "I think I hit her in the chest." The first patrol officer who was dispatched to the appellant's home found the appellant's wife lying in the front doorway. She had been shot three times, two of the bullets having entered her body from the side and one from the back. In the kitchen, the officer found a .357 handgun containing five spent shells and one unfired cartridge. The officer testified that the house was in disarray, which, in his opinion, indicated that a struggle had taken place. A second officer was dispatched to the scene, having been told a man had "accidentally shot his wife." This officer did not observe any injuries to the appellant. The appellant told the officer that "it was an accident" and that he "did not mean to [shoot her]."

The appellant testified that he and his wife had been arguing about her gambling and the couple's financial problems. When the appellant went into the bedroom to change his clothes, his wife continued to yell at him from the kitchen. The appellant heard the noise of things being broken in the kitchen, and when he confronted his wife, she was pointing a gun at him and threatening to kill him. According to the appellant, the two began to struggle over the gun. The appellant described what occurred next:

Q: Go ahead. You start wrestling over it.

A: Then I remember she had the gun—I had it at one time. And then we fell down on the ground. And then—I don't know—I don't remember anything other than hollering and screaming and then all of a sudden loud noises.... Loud noises and all of a sudden it's quiet.

Q: When it got quiet, when did you—where were you when you first realized—I mean, when you started remembering things?

A: When it got quiet, I was on top of her. My arm was over her. And I looked down, and the only thing I remember is her eyes fluttering. That's, you know—and I'm thinking, oh, my God, you know; and I run and get on the telephone.

\* \* \* \* \* \* \* \* \*

Q: Do you know anything of what happened when you walked out of the bedroom and she was standing there with the gun and you all started wrestling to the time you all ended up and you were on top of her at the front door? Do you remember—can you recall anything?

A: I remember we was wrestling around with the gun in the kitchen and then we hit the floor and then it was, like—I don't know. I ain't going to say—I guess I blacked out or something. I don't know. I don't remember.

The trial court charged the jury on the defensive issues of self-defense and "accident,"[1] but it denied the appellant's request for an instruction on the lesser-included offense of manslaughter. The jury convicted the appellant of murder, and he was sentenced to life in prison.

On appeal, the appellant argued that the trial court erred in failing to charge the jury on the lesser-included offense of manslaughter. The court of appeals, relying on the two-pronged test set forth in *Rousseau v. State*,[2] and noting that both the appellant and the State agreed that the first prong had been met, addressed the issue of whether "there is some evidence in the record that would have permitted a jury to rationally find that appellant, if guilty of any offense, was guilty only of manslaughter."[3] The court cited several cases that were factually similar to the appellant's in that they involved an accidental discharge of a firearm, a lack of intent to kill, or a physical struggle between the defendant and the victim, and in which a charge on a lesser-included offense to murder had been required.[4] The court then concluded that in the appellant's case "there [was] some evidence that the appel-lant acted recklessly, and that the jury could have rationally found that appellant, if guilty, was guilty only of manslaughter."[5] It also held that, under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App. 1984). the error was harmful.[6] The court reversed the judgment and remanded the case for a new trial.

Although the court of appeals correctly identified the issue—whether the record shows some evidence that would have allowed a jury to rationally find that the appellant, if guilty of any offense, was guilty only of manslaughter—it was incorrect to hold that there was evidence that the appellant had acted recklessly with respect to causing the victim's death and, therefore, was entitled to a manslaughter charge.

Murder is a "result of conduct" offense, which means that the culpable mental state relates to the result of the conduct, i.e., the causing of the death.[7] Under Code of Criminal Procedure article 37.09(3), voluntary manslaughter is a lesser-included offense of murder.[8] A person commits manslaughter if he recklessly

---

1. " 'There is no law and defense of accident in the present penal code, and the bench and bar would be well advised to avoid the term "accident" in connection with offenses defined by the present penal code.' ... Thus, for purposes of [Penal Code] section 6.01(a), an 'accident' is not the same as, and should not be treated as the equivalent of, the absence of any voluntary act." *Rogers v. State*, 105 S.W.3d 630, 637–39 (Tex.Cr.App.2003) (footnote omitted) (quoting *Williams v. State*, 630 S.W.2d 640, 644 (Tex.Cr.App.1982)).

2. A charge on a lesser included offense is required where (1) the lesser-included offense is included within the proof necessary to establish the charged offense, and (2) there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser included offense. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Cr.App.1993).

3. *Schroeder v. State*, ——. S.W.3d ——, ——, No. 13–01–333–CR, slip op. at 2, 2003 Tex. App. LEXIS 1475, at * 2, 2003 WL 345331 (Tex.App.-Corpus Christi Feb.13, 2003).

4. *See id.*, —— S.W.3d at ——–——, slip op. at 10–12, * 14–17.

5. *Id.*, —— S.W.3d at ——; slip op. at 12, * 17.

6. *Id.*, —— S.W.3d at ——, slip op. at 14, * 20–21.

7. *Cook v. State*, 884 S.W.2d 485, 491 (Tex.Cr.App.1994).

8. *Moore v. State*, 969 S.W.2d 4, 10 (Tex.Cr.App.1998).

causes the death of another.[9] "A person acts recklessly, or is reckless, with respect to ... the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that ... the result will occur."[10] In this case, the appellant testified that although he remembered the events leading up to the shooting, he suddenly "blacked out" and had no recollection of actually shooting the victim. Therefore, by his own admission, he was not aware of having caused the victim's death at the time of the shooting. The State argues that there is no evidence that would permit a jury to rationally find that *at the time of the firing of the gun,* the appellant was aware of, but consciously disregarded, a substantial and unjustifiable risk that the victim would die as a result of his conduct. We agree. We also recognize, as the State points out, that it is difficult to understand how a person may "consciously disregard" a risk of which he is unaware.

 The court of appeals' reliance on the cited cases involving reckless conduct is misplaced simply because those cases do not involve defendants who were completely incognizant of what occurred at the time they engaged in the charged conduct. Here, the evidence of the appellant's struggle with the victim and his statements, "It was an accident" and "I did not mean to," are relevant to the defensive issues of accident and self-defense, but such evidence does not allow a finding of recklessness given the appellant's self-described mental state when the victim was killed. Evidence of a defendant's inability to remember causing the death of the victim does not entitle the defendant to a charge on the lesser-included offense of manslaughter, and the trial court did not err by not submitting such a charge to the jury. The judgment of the court of appeals is reversed, and the judgment of conviction and sentence are affirmed.

---

9. Tex. Penal Code § 19.04.

10. *Id.,* § 6.03(c).