Opinion issued October 6, 2005



     







In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00523-CR




GERALD EARL GILBERT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 958955

 
O P I N I O N
          A jury found appellant, Gerald Earl Gilbert, guilty of murder and assessed his
punishment at 20 years in prison. We determine whether the trial court erred in
denying appellant’s request for a charge on the lesser-included offense of
manslaughter. We affirm. 
Background
            The complainant, Christopher Taylor, was the son of appellant’s fiancée, Carol
Ann Taylor, who shared a home with appellant. In mid-August, the complainant
drove with his son from Ohio to Houston to visit his mother and appellant. During
most of his visit, the complainant stayed at a hotel, but on his last night in town, he
opted to stay at appellant’s home. 
          On August 18, 2003, the last evening of the complainant’s visit, the
complainant arrived at appellant’s home from an evening out at approximately 12:30
a.m. The complainant retired to his bedroom with his son. Shortly thereafter,
appellant began arguing with Carol Ann Taylor, who had been in the master bedroom
watching television. At some point during the argument, the complainant emerged
from his bedroom into the hallway and confronted appellant regarding the argument
occurring between appellant and his mother. Appellant then ran into his office and
retrieved his handgun. During the ensuing altercation, the complainant was shot and
later died from a gunshot wound to his abdomen. 
Lesser-Included Offense
            In his sole issue, appellant contends that the trial court erred in refusing to
submit a charge on the lesser-included offense of manslaughter to the jury. To be
entitled to a charge on a lesser-included offense, (1) the lesser-included offense must
be included within the proof necessary to establish the offense charged, and (2) some
evidence must exist in the record that would permit a jury rationally to find that the
defendant is guilty only of the lesser offense. Mathis v. State, 67 S.W.3d 918, 925
(Tex. Crim. App. 2002). 
          Manslaughter is a lesser-included offense of the offense of murder. Moore v.
State, 969 S.W.2d 4, 9 (Tex. Crim. App. 1998). Manslaughter requires proof that the
defendant acted recklessly, that is, that he consciously disregarded a substantial risk
of which he was aware. See Tex. Pen. Code Ann. §§ 6.03(c), 19.04(a) (Vernon
Supp. 2004-2005). 
          In determining whether there is evidence to support a charge on recklessness,
a statement that the defendant did not intend to kill the victim “cannot be plucked out
of the record and examined in a vacuum.” Godsey v. State, 719 S.W.2d 578, 584
(Tex. Crim. App. 1986). However, the credibility of the evidence and whether it
conflicts with other evidence or is controverted may not be considered in determining
whether an instruction on a lesser-included offense should be given. Banda v. State,
890 S.W.2d 42, 60 (Tex. Crim. App. 1994). Regardless of its strength or weakness,
if any evidence raises the issue that the defendant was guilty only of the lesser
offense, then the charge must be given. Saunders v. State, 840 S.W.2d 390, 391 (Tex.
Crim. App. 1992).
          Appellant contends that there is evidence to support the charge of
manslaughter. Specifically, appellant contends that, during the trial, he denied that
he intentionally killed the complainant. Appellant admitted that he retrieved a gun
from his office because he wanted to “police his house,” after the complainant had
pushed him. Appellant testified that, as he was coming out of his office, the
complainant pushed him again and Carol Ann Taylor threw her body into his arm. 
As a result of Carol Ann Taylor’s push, appellant testified that he fell backwards and
tried to brace himself. Appellant testified that, at that point, gun accidentally fired. 
Appellant testified that he never cocked the gun or raised it to point it at the
complainant. Appellant testified that he never intended to hurt or to shoot the
complainant and that he was shocked when the gun fired. 
          The State contends that there is no evidence that would permit a jury rationally
to find only that, at the time of the weapon’s discharge, appellant was aware of, but
consciously disregarded, a substantial and unjustifiable risk that the complainant
would die as a result of the conduct. We agree. Appellant’s testimony denying his
intent to shoot the complainant was presented in the context of his gun’s going off
accidentally, that is, involuntarily, due to Carol Ann Taylor’s throwing her body into
his arm. Therefore, appellant’s testimony failed to establish that he was reckless in
having discharged the gun; instead, his testimony was relevant only to establish the
defensive issue of accident—that his conduct was involuntary because he was
bumped. Appellant did not testify that he voluntarily discharged his gun for example,
an effort to shoot near the complainant so as to scare him–thereby raising the issue
of recklessly shooting the gun in the direction of, but hitting, the complainant. The
reason that it was important for appellant to have relied on facts showing recklessness
in discharging the gun is that manslaughter is a “result-of-conduct” offense, one in
which recklessness must go to the conduct causing the death, i.e., the shooting. See
Schroeder v. State, 123 S.W.3d 398, 400 (Tex. Crim. App. 2003). Therefore, the fact
that appellant may have recklessly created the circumstances leading up to the
complainant’s having been shot fails to raise the issue of manslaughter. 
          Accordingly, we conclude that the trial court did not abuse its discretion in not
including an instruction on manslaughter. 
          We overrule appellant’s sole issue. Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Tim Taft
                                                             Justice 
 
Panel consists of Justices Taft, Alcala, and Higley.
Publish. Tex. R. App. P. 47.2(b).