FILED IN
COURT OF CRIMINAL APPEALS

MAY 31, 2016

ABEL ACOSTA, CLERK

PD-1455-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/27/2016 1:54:16 PM
Accepted 5/31/2016 8:29:26 AM
ABEL ACOSTA
CLERK

NO. PD-1455-15

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE

# COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KELVIN LEE ROY, Petitioner

V.

THE STATE OF TEXAS, Appellee

Petition in Cause No. B-140,221-R
From the 163rd District Court of Orange County, Texas
and
Cause No. 09-14-00367-CR
Court of Appeals, Ninth District of Texas
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

State's Brief

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

John D. Kimbrough
Orange County Attorney
Orange County Courthouse
Orange, Texas 77630
State Bar No. 11425300

Krispen Walker
Assistant County Attorney
Orange County Courthouse
Orange, Texas 77630
State Bar No. 00791870

ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

Krispen Walker, Attorney for the State of Texas
Orange County Attorney's Office
801 Division
Orange, Texas 77630

Christine R. Brown-Zeto, Attorney for the Appellant
1107 Green Avenue
Orange, Texas 77630

KELVIN LEE ROY, Appellant
Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

Malachi Daws, Attorney Representing Appellant at Trial
P. O. Box 1806
Vidor, Texas 77670

Dustin Galmor
Attorney for Petitioner on Petition for Discretionary Review
485 Milam
Beaumont, Texas 77701

Trial Judge:  Hon. Dennis R. Powell

# TABLE OF CONTENTS

Identity of Parties and Counsel...................................................................................i

Table of Contents......................................................................................................ii

List of Authorities....................................................................................................iii

Statement of the Case…............................................................................................1

Statement of Facts................................................................................................. 2

Summary of the State's Argument............................................................................6

State's Reply to Appellant's Issue Presented...........................................................7

Argument and Authorities………………………………………………………….8

Prayer......................................................................................................................18

Certificate of Compliance – Word Count.………………………………………....19

Certificate of Service..............................................................................................19

# LIST OF AUTHORITIES

## CASES

*Bignall v. State*, 887 S.W.2d 21, 23 Tex.Crim.App. 1994)………………………...8

*Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App. 2007, *reh'g denied*)…………….....8

*Ross v. State*, 861 S.W.2d 870 (Tex.Crim.App. 1993, *reh'g granted*)………13, 14

*Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993)…………...…16

*Roy v. State*, No. 09-14-00367-CR (Tex.App. – Beaumont August 26, 2015, *pet. granted*)………………………………………………………………………….6

*Schroeder v. State*, 123 S.W.3d 398 (Tex.Crim.App. 2003, en banc)……15, 16, 17

*Williams v. State,* 235 S.W.3d 742, 751 (Tex.Crim.App. 2007)……………10, 11

## STATUTES

TEX.PEN.CODE Sec. 6.03(c)…………………………………………………...10, 11

TEX.PEN.CODE Sec. 8.04………………………………………………….……12

TEX.PEN.CODE Sec. 12.32…………………………………………………….…17

TEX.PEN.CODE Sec. 12.33………………………………………………………17

TEX.PEN.CODE Sec. 19.02(b)(1)………………………………………………..9, 17

TEX.PEN.CODE Sec. 19.02(b)(2)………………………………………...……...1, 6, 9

TEX.PEN.CODE Sec. 19.02(b)(3)………………………………………………9

TEX.PEN.CODE Sec. 19.04………………………………………………….…10, 17

NO. PD-1455-15

********************

IN THE

**COURT OF CRIMINAL APPEALS**

AUSTIN, TEXAS

********************

TO THE HONORABLE JUDGES OF SAID COURT:

On August 28, 2014, the Appellant, KELVIN LEE ROY, was sentenced to a term of confinement for seventy-five (75) years in the Texas Department of Criminal Justice – Institutional Division following a jury trial and sentencing in the 163rd District Court, Orange County, Texas, Dennis Powell, Presiding Judge.  It is from this sentence that Appellant appeals.

## STATEMENT OF THE CASE

The Appellant, KELVIN LEE ROY, was charged by indictment with the murder of Alexandria Bertrand on April 23, 2014.  (C.R., 8)  The indictment tracked the language of section 19.02(b)(2) TEX.PEN.CODE.  Petitioner requested that manslaughter be submitted to the jury as a lesser-included offense (R.R. 6, p. 113)  The trial court denied the request, and the jury convicted Petitioner of murder.  He was sentenced to serve 75 years imprisonment.  (R.R. 7, p. 71)  The

1

Court then pronounced sentence. (R.R. 7, pp. 72-3) On appeal, Petitioner challenged the trial court's denial of his request for a jury instruction on the offense of manslaughter. The Court of Appeals held that because Petitioner's testimony establishes that he was unaware of the result of his conduct, the trial court properly denied Petitioner's request for an instruction on the lesser-included offense of manslaughter. (Court's opinion page 10).

## STATEMENT OF FACTS

The State agrees with the court of appeals statement of facts, quoted below.

Roy was charged with the death of Alexandria Bertrand, which resulted from a vehicle collision. According to Taralynn Brown, Roy's former girlfriend, Roy was driving her vehicle on the night of the offense so that she could purchase food. During the drive, Roy passed his exit, repeated words to himself, and lit a dip cigarette.[1] Brown testified that Roy was driving in two lanes and almost struck the side of the freeway and other vehicles, but Roy refused to pull over. Roy told Brown, "I'm going to kill both of us."

Christopher Morgan, Joshua Bryan, and Brittany Monroe testified that they saw Roy drive past them at a high rate of speed. Morgan and Bryan testified that Roy overcorrected and nearly struck the curb. Bryan and Monroe heard the engine revving as it sped past them. Bryan testified that "it was like whoever the driver of

---

1 Roy testified that a "dip cigarette" is a cigarette dipped in P.C.P.

2

the car was hit the gas, because you could see the rear end of the car actually sit down[.]" Morgan, Bryan, and Monroe testified that they never saw the vehicle's brake lights. Morgan believed Roy had "[n]o intent to stop." Monroe testified that it did not appear that Roy was attempting to avoid other vehicles.

Brown testified that Roy continued driving "crazy" and that she begged Roy to stop, but that Roy accelerated and Brown recalled "flying in the air and crashing." April Bertrand testified that she and her daughter, Alexandria, were in their vehicle, stopped at a red light, when Roy struck Bertrand's vehicle. Kevin Huebel testified that he was approaching the red light when Roy flew past him and collided with Bertrand's vehicle. Bertrand testified that Alexandria was ejected from the vehicle. Huebel compared the sound of the accident to an explosion or bomb. Officer Rodney Johnson described the scene as looking like a war zone or a bomb explosion.

Victoria Andis, who heard the crash and saw Roy's vehicle fly toward her and roll to a stop, testified that Brown was screaming and trying to climb out of the vehicle's window. Andis assisted Brown, who told Andis that Roy was driving crazy, was under the influence, and was trying to kill Brown and himself. Andis smelled alcohol in the vehicle and saw drugs around the vehicle. Monica Hall, a registered nurse who stopped to help, testified that Brown told her that Roy was

"under the influence." Officer Chase Alexander testified that Brown told him she thought Roy was under the influence, but she did not mention Roy trying to kill her.

Hall and Alexander testified that Roy was unconscious in his vehicle. Johnson testified that he smelled an odor of alcohol around the vehicle and that Roy was non-responsive. Officer Jesus Loredo testified that Roy was in and out of consciousness, was lethargic, and had a "wild-eyed" appearance. He testified that Roy's symptoms could be indicative of either being intoxicated or having been in an accident. Loredo also smelled a strong odor of alcohol coming from the vehicle and he collected baggies of marihuana and cocaine from the area around the vehicle. Roy denied ownership of the drugs.

Bertrand testified that, at the hospital, Alexandria was pronounced brain dead. Dr. John Ralston, a forensic pathologist, explained that Alexandria suffered from a fracture at the base of her skull, hypermobility, blood in her lungs, bleeding over her brain, a spinal cord injury, and skin lacerations. He testified that Alexandria died of blunt force trauma.

Sergeant Richard Howard testified that he saw no pre-impact skid marks at the scene, which indicated an absence of braking before impact. He testified that he has seen intoxicated people involved in an accident without ever having applied

4

the brakes. Alexander testified that Roy's erratic driving was consistent with a person driving while intoxicated, but was also consistent with a person intending to cause an accident. According to Howard, Roy's vehicle became airborne before striking the back right side of Bertrand's vehicle. Given that the battery was thrown from Roy's vehicle and the vehicle landed quite a distance from the point of impact, Howard believed the vehicle was traveling at a high rate of speed.

Roy testified that on the night of the offense, he and Brown were driving to pay someone for repairing Brown's car. He testified that Brown brought two cups of alcohol and that they drank and used marihuana in the vehicle. Brown testified that she had been drinking that day, but was not intoxicated and did not use marihuana in the vehicle. She believed that Roy was intoxicated when the offense occurred. Roy's blood tested positive for benzodiazepine, phencyclidine (P.C.P), and T.H.C. and his blood alcohol level was well below the legal limit.

According to Roy, the repairman was not at home, so he lit a dip cigarette and headed home. When he began to feel dizzy, he told Brown to take the steering wheel and attempted to pull over, but he passed out. He attributed this to the combination of drugs, marihuana, dip cigarette, and alcohol. Roy could not recall speeding down the road or the accident itself. He testified that he did not intend to speed and was unaware of what was happening when the accident occurred.

Roy admitted to having a history of drug use and drug-related criminal offenses, including a conviction for assault family violence against Brown. He testified that he smoked marihuana daily, used P.C.P. maybe twice per month, and consumed alcohol once or twice per month. He admitted knowing the risks of drinking and driving, as well as smoking marihuana and driving, but he still chose to drive. Roy denied getting into an argument with Brown, becoming enraged, or threatening Brown with injury or death. He testified that he acted recklessly, but had no intent to injury anyone, including Brown, and that he accepted responsibility for Alexandria's death.

*Roy v. State*, No. 09-14-00367-CR (Tex.App. – Beaumont August 26, 2015, *pet. granted*).

## SUMMARY OF THE STATE'S ARGUMENT

***Summary of the State's reply to Petitioner's sole issue:***

Murder, charged under section 19.02(b)(2) of the Texas Penal Code, is established by proof that the defendant intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused an individual's death, while manslaughter is established by proof that the defendant recklessly caused an individual's death. Although, manslaughter is a lesser-included offense of murder, the trial court properly refused to include in the jury charge an instruction on the

lesser included offense of manslaughter. No evidence was presented during trial to indicate that Petitioner acted recklessly with the respect to the charged conduct of intentionally driving his vehicle into the vehicle occupied by Alexandria Bertrand and causing her death. Petitioner only admits that his conduct of using drugs and driving was reckless and denies the charged conduct. In addition, evidence that a murder defendant was unable to remember causing the death of the victim does not entitle that defendant to a charge on the lesser-included offense of manslaughter. Finally, there is no evidence in the record that if Petitioner was guilty, he was guilty only of manslaughter.

Petitioner was properly convicted of murder as charged in the indictment based on the testimony and evidence presented at trial. The court of appeals did not err in holding that the trial court properly denied Petitioner's request for an instruction on the lesser-included offense of manslaughter.

**STATE'S REPLY TO PETITIONER'S ISSUE PRESENTED**

***State's Reply to Petitioner's Issue:*** Because Petitioner's testimony established that he was unaware of the result of his conduct, and because there is no evidence to show that if Petitioner was guilty, he was guilty only of manslaughter, the court of appeals did not err holding that Petitioner was not entitled to a charge on the lesser-included offense of manslaughter.

7

## ARGUMENT AND AUTHORITIES

Determining whether a defendant is entitled to the submission of a lesser-included offense requires a two part analysis. The first part of the analysis, determining whether an offense is a lesser included offense of the alleged offense, is a question of law and does not depend on the evidence produced at trial. The second part of the analysis requires a determination of whether there is evidence that supports giving the instruction to the jury. "'A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.'" *Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App. 2007, *reh'g denied*) (citing *Bignall v. State*, 887 S.W.2d 21, 23 Tex.Crim.App. 1994). Although anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge, the evidence must establish the lesser-included offense as a "'valid, rational alternative to the charged offense.'" *Id.*

In the instant case, Petitioner requested a jury instruction on the lesser-included offense of manslaughter. (R.R. 6, p. 113)

In order to receive a jury instruction on the lesser-included offense of manslaughter, Petitioner must show, as a first step, that manslaughter is, in fact, a lesser-included offense of murder as charged. The first step of the test is satisfied. Manslaughter is a lesser-included offense of murder as charged. Because the first step has been satisfied, the Court must look to the evidence adduced at trial to determine whether the second step of the analysis provides for the inclusion of a lesser-included offense instruction.

A person can commit the offense of murder in three different ways. A person commits the offense of murder if he: (1) intentionally or knowingly causes the death of an individual; (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life; or (3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual. (TEX.PEN.CODE Section 19.02(b)(1),(2), and (3)).

In the case at bar, Petitioner was charged under TEX.PEN.CODE Section 19.02(b)(2), specifically that Petitioner "did then and there intend to cause serious bodily injury to an individual, Taralynn Brown, and did then and there intentionally commit an act which was clearly dangerous to human life, to wit:

9

driving a vehicle in which the said Taralynn Brown was a passenger into another vehicle causing the vehicles to collide which said act caused the death of Alexandria Bertrand." (C.R., p. 8).

A person commits the offense of manslaughter, if the person recklessly causes the death of an individual. (TEX.PEN.CODE Section 19.04). A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. (TEX.PEN.CODE Section 6.03(c)).

"[A]t the heart of reckless conduct is conscious disregard of the risk created by the actor's conduct. As has often been noted, '[m]ere lack of foresight, stupidity, irresponsibility, thoughtlessness, ordinary carelessness, however serious the consequences may happen to be, 'do not suffice to constitute either culpable negligence or criminal recklessness. Recklessness requires the defendant to actually foresee the risk involved and to consciously decide to ignore it." *Williams v. State,* 235 S.W.3d 742, 751 (Tex.Crim.App. 2007).

10

"In sum, in addressing the culpable mental state of recklessness under Section 6.03(c), the factfinder (and a reviewing court) must examine the defendant's conduct to determine whether

(1) the alleged act or omission, viewed objectively at the time of its commission, created a 'substantial and unjustifiable' risk of the type of harm that occurred;

(2) that risk was of such a magnitude that disregard of it constituted a gross deviation from the standard of care that a reasonable person would have exercised in the same situation (i.e., it involved an 'extreme degree of risk, considering the probability and magnitude of the potential harm to others'),

(3) the defendant was consciously aware of that 'substantial and unjustifiable risk' at the time of the conduct; and

(4) the defendant consciously disregarded that risk.

*Williams* at 755.

In light of this four part test, it is clear, that viewed objectively at the time of the commission of the offense, Petitioner's actions created a substantial and unjustifiable risk of the type of harm that occurred and that the risk was of such a magnitude that disregard of it constituted a gross deviation from the standard of care that a reasonable person would have exercised in the same situation. Petitioner, however, according to his own testimony, fails to meet the requirement that he was consciously aware of that substantial and unjustifiable risk at the time of the conduct and that he *consciously disregarded* that risk.

11

Petitioner argues that he was intoxicated and the crash occurred as a result of his intoxication. Voluntary intoxication does not constitute a defense to the commission of crime. (TEX.PEN.CODE Section 8.04). The jury was properly instructed as to this law. (C.R., p. 122)

In this case, because Petitioner testified that he believed that he lost consciousness, that he had no recollection of speeding down Main Street, of the crash, of being taken by ambulance to the hospital, or of being treated at the hospital, the evidence fails to establish that Petitioner acted with the required culpable mental state of recklessness to include the lesser-included offense of manslaughter as a valid, rational alternative to murder. (R.R. 6, p. 57) Accordingly, the trial court properly denied Petitioner's request for an instruction on the lesser-included offense of manslaughter and the court of appeals did not err in affirming Petitioner's conviction for murder.

The evidence is clear that Petitioner was not entitled to an instruction on the lesser-included offense of manslaughter in this case because no evidence exists in the record that would permit a jury rationally to find that if Petitioner was guilty, he was guilty only of the lesser-included offense of manslaughter. Petitioner admitted that he was, in fact, driving the vehicle that ultimately collided into the vehicle occupied by Alexandria Bertrand and caused her death. He admitted that

12

he had been using P.C.P. while driving. Petitioner admitted that he knew the risks of using drugs and driving but still decided to do the drugs and drive. Petitioner denied, however, driving his vehicle into the minivan occupied by Alexandria Bertrand, alleging that he was "passed out at the time." (R.R. 6, p. 71)

Petitioner, however, was not charged with the offense of intoxication manslaughter, he was charged with intentionally driving his vehicle into another vehicle and thereby killing Alexandria Bertrand. He offered no testimony that he was aware of the risk of intentionally driving his vehicle into another vehicle and that he then consciously disregarded that risk. Instead, he denied the offense with which he was charged, intentionally driving his vehicle into another vehicle. Although Petitioner stated, upon questioning by his counsel, that he considered his actions of using drugs and driving that night to be reckless, which any reasonable person would agree, he never testified with respect to any belief that he his conduct of driving into another vehicle was reckless. Petitioner's testimony, therefore, does not rise to the level required to permit a jury rationally to find that Petitioner was guilty only of the lesser-included offense of manslaughter.

Upon rehearing, this Court in *Ross v. State*, 861 S.W.2d 870 (Tex.Crim.App. 1993, *reh'g granted*), which had originally held that the Appellant, who was charged with and found guilty of capital murder, was entitled to a lesser-included

13

instruction of manslaughter, determined that it was possible that the "appellant's actions constituted an act clearly dangerous to human life, which resulted in the victim's death indicating appellant may have only been guilty of felony-murder, as distinguished from involuntary manslaughter." *Ross* at 877.

In *Ross,* the appellant admitted to committing a robbery, during which he held a gun to the victim. In his confession, which was introduced by the State, the appellant stated "'[w]hen I shoved the man the gun went off and struck the man in the head'" which he argued made the evidence insufficient to find him guilty of intentionally causing the death of the victim. *Id*. at 872, 873. This Court found, however, that "a rational trier of fact could have found beyond a reasonable doubt that appellant intentionally caused the death of the deceased. While the isolated statement by appellant in his confession may lend support to his argument that the shooting was accidental, that was not the only evidence the jury reviewed." *Id*. at 873.

In the case at bar, in addition to Petitioner's isolated statement that he considered actions not charged in the indictment to be reckless, the jury reviewed ample evidence of the charged conduct. The jury heard testimony of Petitioner's intent to cause serious bodily injury and his intent to commit an act clearly dangerous to human life including Brown's testimony that Petitioner was driving

in two lanes and almost struck the side of the freeway and other vehicles and that he told Brown, "I'm going to kill both of us." The jury also considered the testimony of Christopher Morgan, Joshua Bryan, and Brittany Monroe who testified that they saw Petitioner drive past them at a high rate of speed; that Petitioner overcorrected and nearly struck the curb; that they heard the engine revving as it sped past them; that "it was like whoever the driver of the car was hit the gas, because you could see the rear end of the car actually sit down[.]"; that that they never saw the vehicle's brake lights; and that Morgan believed Petitioner had "[n]o intent to stop." The jury also considered the testimony of Victoria Andis, who testified that Brown told her that Petitioner was driving crazy, was under the influence, and was trying to kill Brown and himself. Therefore, no evidence exists which would enable a jury to rationally convict Petitioner of the lesser-included offense of manslaughter only.

Petitioner further argues that the court of appeals in this case has decided an important question of State law which should be settled by this Court of Criminal Appeals. This Court, however, has already addressed this very issue.

In *Schroeder v. State*, 123 S.W.3d 398 (Tex.Crim.App. 2003, en banc), the defendant was charged with the murder of his wife by shooting her with a firearm. The defendant testified that during an argument, he and his wife began to struggle

over a gun, that they hit the floor, and then he "blacked out" and didn't remember shooting his wife. *Schroeder* at 399. Although the trial court charged the jury on the defensive issues of self-defense and accident, it denied the defendant's request for an instruction on the lesser-included offense of manslaughter. *Id.* at 400. On appeal, the court of appeals relied on the two-prong test set forth in *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993) which provides that a charge on a lesser-included offense is required where (1) the lesser-included offense is included within the proof necessary to establish the charged offense, and (2) there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser included offense. In *Schroeder*, both the State and the Appellant agreed that the first prong had been met, so the court of appeals was charged only with determining whether the second prong had been met. The Court of Criminal Appeals held that the court of appeals, although it correctly identified the issue – whether the record shows some evidence that would have allowed a jury to rationally find that the appellant, if guilty of any offense, was guilty only of manslaughter – it was incorrect to hold that there was evidence that the appellant had acted recklessly with respect to causing the victim's death and, therefore, was entitled to a manslaughter charge. *Schroeder* at 400.

In *Schroeder*, as in the case at bar, the appellant testified that "although he remembered the events leading up to the shooting, he suddenly 'blacked out' and had no recollection of actually shooting the victim. Therefore, by his own admission, he was not aware of having caused the victim's death at the time of the shooting." *Schroeder* at 401. Almost identical to the facts in *Schroeder*, Petitioner testified that he believed that he lost consciousness, that he had no recollection of speeding down Main Street, of the crash, of being taken by ambulance to the hospital, or of being treated at the hospital. (R.R. 6, p. 57) Appellant denied driving his vehicle into the minivan occupied by Alexandria Bertrand, alleging that he "was passed out at the time." (R.R. 6, p. 71) Therefore, there is no evidence that would permit a jury to rationally find that at the time of the crash, Petitioner was aware of but consciously disregarded a substantial and unjustifiable risk that the victim would die as a result of his conduct. A person cannot possibly "consciously disregard" a risk of which he is unaware.

Petitioner further argues that he was substantially harmed by the trial court's decision not to instruct the jury on the lesser-included offense of manslaughter. The range of punishment for murder is confinement for 5 to 99 years or life. TEX.PEN.CODE §§ 19.02, 12.32. The range of punishment for manslaughter is confinement for 2 to 20 years. TEX.PEN.CODE §§ 19.04, 12.33.

17

The sentenced assessed by the jury, 75 years confinement for murder, evidences the jury's strong belief that Petitioner acted with intent to cause serious bodily injury to Brown and intentionally committed an act clearly dangerous to human life (murder) and did not act recklessly (manslaughter). The record is absolutely void of evidence that Petitioner was substantially harmed by the trial court's decision not to include a lesser-included charge of manslaughter, even if he was entitled to it, because the jury would almost certainly have rejected that option as evidenced by their punishment verdict.

## PRAYER

The State prays that this Court overrule Petitioner's issue presented for review and affirm the judgment of the Ninth Court of Appeals.

Respectfully submitted,

**/s/**Krispen Walker
Krispen Walker
Assistant County Attorney
Orange County Courthouse
Orange, Texas 77630
(409) 883-6764
State Bar No. 00791870

18

## Certificate of Compliance Word Count

I hereby certify pursuant to T.R.A.P 9.4 (i)(3) that the total word count for this brief is 4418 words as determined by Microsoft Word.

**/s/**Krispen Walker
KRISPEN WALKER
ASSISTANTCOUNTY ATTORNEY


## CERTIFICATE OF SERVICE

This is to hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the State Prosecuting Attorney, P. O. Box 12405, Austin, Texas, and to Appellant's counsel of record, Dustin Galmor, 485 Milam, Beaumont, Texas 77701, on this the 27th day of May, 2016.

**/s/**Krispen Walker___
KRISPEN WALKER